SHELTON L. FREEMAN (AZ #009687)
NANCY J. MARCH (AZ #012802)
**DECONCINI MCDONALD YETWIN & LACY, P.C.**
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

Ph: (602) 282-0500
Fax: (602) 282-0520
E-mail: tfreeman@dmylphx.com
E-mail: nmarch@dmyl.com

Proposed Attorneys for Premiere Acquisitions, LLC

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>PREMIERE ACQUISITIONS, LLC,<br><br>Debtor. | In Proceedings Under Chapter 11<br><br>Case No. 2:08-bk-06447<br><br>**DEBTOR'S APPLICATION TO EMPLOY DeCONCINI McDONALD YETWIN & LACY, P.C. AS GENERAL REORGANIZATION AND RESTRUCTURING COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION** |

PREMIERE ACQUISITIONS, LLC, an Arizona limited liability company and the debtor and debtor in possession in the above-captioned Chapter 11 reorganization case (the "Debtor"), hereby applies, pursuant to 11 U.S.C. §§327, 328, 329 and 1107, Fed. R. Bankr. P. 2014 and 2016, Rule 2014-1, Local Bankruptcy Rules for the District of Arizona, and the United States Trustee's <u>Guide to Applications for Employment of Professionals And Treatment of Retainers</u> as revised in December, 2002, for an Order authorizing the employment of the law firm of DeConcini McDonald Yetwin & Lacy, P.C. ("DeConcini McDonald") as

general reorganization and restructuring counsel for the Debtor in this Chapter 11 case (the "Bankruptcy Case").

This Application is supported by the verified statement of Shelton L. Freeman, a shareholder of DeConcini McDonald (the "Freeman Statement"). The original Freeman Statement is attached hereto as Exhibit "1" and is incorporated herein by this reference. In further support of this Application, the Debtor states as follows:

1. On June 2, 2008 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11, thereby commencing the Bankruptcy Case. As of the Petition Date, the Debtor is operating its business and managing its assets as a debtor in possession pursuant to 11 U.S.C. §§1107(a) and 1108.

2. It is essential to the Debtor's reorganization efforts that it be represented by counsel in the Bankruptcy Case, and that such counsel have not only bankruptcy expertise, but also expertise in other practice areas including, but not limited to, real estate and finance law. The Debtor needs counsel with sufficient experience and expertise to enable it to, among other things, (i) handle interim financing and related issues to facilitate the Debtor's continued operations; (ii) negotiate with creditors, contracting parties, governmental and regulatory authorities, and others to position the Debtor for reorganization; (iii) resolve, by negotiation and/or litigation, disputed claims; (iv) work with experts and other professionals whose work and analyses are necessary for the success of the Debtor's reorganization; (v) prepare and negotiate the Debtor's plan and disclosure statement; and (vi) perform or oversee numerous other tasks needed for the Debtor to successfully reorganize.

3. As evidenced by the Freeman Statement, DeConcini McDonald has the experience, expertise, and resources necessary to provide the multi-faceted legal services needed by the Debtor in its reorganization efforts. Therefore, the

Debtor wishes to employ DeConcini McDonald as its counsel and has asked DeConcini McDonald to represent the Debtor.

4. The Debtor has made arrangements for the employment of DeConcini McDonald as its counsel, for professional compensation of DeConcini McDonald, and for reimbursement of DeConcini McDonald's costs, disbursements and expenses, all subject to approval by the Bankruptcy Court. Such arrangements regarding DeConcini McDonald are described in this Application and in the Freeman Statement, and these are the only arrangements between DeConcini McDonald regarding DeConcini McDonald's representation of the Debtor in the Bankruptcy Case. By the signature of the authorized representative for the Debtor on this Application, the Debtor expressly acknowledges, understands, and agrees to all such arrangements, subject only to approval by this Court.

5. As set forth in the Freeman Statement, DeConcini McDonald received a combined retainer in the amount of $100,000.00 (the "Retainer") prior to the Petition Date for Premiere Acquisitions and Luxury Lofts. The Debtor directed DeConcini McDonald to pay all of its charges as close as practicable to the Petition Date from the Retainer, and then to allocated a portion of the balance of the Retainer to Luxury Lofts and Premiere Acquisitions for DeConcini McDonald's retainer for the Bankruptcy Case (the "Bankruptcy Retainer"). The Freeman Statement discloses that the Bankruptcy Retainer is $56,869.43 as of the Petition Date. The Debtor further agrees that DeConcini McDonald will have the right, in its sole discretion and subject only to any necessary approval of this Court: (i) to apply the Bankruptcy Retainer wholly or partially to pay its allowed professional compensation and expense reimbursements; and/or (ii) to hold the Bankruptcy Retainer in trust and obtain payment from available assets of the Debtor.

6. Subject to approval of the Court, the Debtor and DeConcini McDonald have made the following agreements regarding employment of DeConcini

3

McDonald, compensation of Deconcini McDonald for professional services rendered, and reimbursement of DeConcini McDonald for costs, disbursements, and other expenses which it incurs in this matter:

    a.    The Debtor has agreed that DeConcini McDonald is employed as its general restructuring counsel effective as of June 1, 2008, unless the Court otherwise directs;

    b.    The Debtor and DeConcini McDonald have agreed that DeConcini McDonald will charge for its professional services at hourly rates set forth in the Freeman Statement, and that DeConcini McDonald will be paid for its costs incurred in representing the Debtor in and with respect to the Bankruptcy Case;

    c.    Because of the complexity of the Bankruptcy Case, it will be necessary to staff this matter with a number of attorneys in order to address and respond to the various matters and issues in the Bankruptcy Case. Because of the complex issues in the Bankruptcy Case as well as the time constraints involved, these other attorneys may, where appropriate and as needed, help with case management and administration; work on specialized matters such as financing and regulatory issues; research and analyze discrete bankruptcy issues; and prepare pleadings and other papers in administrative and/or litigation proceedings. In addition to the attorneys who will be used in the Bankruptcy Case, DeConcini McDonald will provide services to the Debtor through the use of paralegals assisting the attorneys. The paralegal services will be for substantive legal services rendered in conjunction with the Bankruptcy Case and will not be for clerical services.

    d.    In accordance with their respective years of experience and hourly rates, and subject to their schedules and other commitments, DeConcini McDonald will allocate the services of the professionals and

paraprofessionals to provide the greatest benefit to the Debtor and its estate in a cost-effective manner, and DeConcini McDonald will try to avoid duplicating the services of any other professional retained by the Debtor.

7. By the signature of Richard Elsey of E4 Development and Construction Services, LLC, the authorized manager of the Debtor on this Application, the Debtor expressly acknowledges, understands and agrees to all of the arrangements stated herein and in the Freeman Statement, subject only to approval by the Bankruptcy Court.

8. Except as may be disclosed in the Freeman Statement and to the best of the Debtor's knowledge, information and belief, DeConcini McDonald does not have any connections with the Debtor in the Bankruptcy Case, the creditors of the Debtor's bankruptcy estate, any other parties in interest or their respective attorneys and accountants, the United States Trustee or any person employed by the Office of the United States Trustee. To the best of the Debtor's understanding, the information disclosed by DeConcini McDonald in the Freeman Statement does not preclude DeConcini McDonald from representing the Debtor under applicable law and ethical rules. To the extent that DeConcini McDonald has been able to determine, DeConcini McDonald does not have any connection with any of the creditors or other parties in interest in the Bankruptcy Case except as disclosed in the Freeman Statement. As further stated in the Freeman Statement, and in accordance with 11 U.S.C. §§ 101(14), 327, and 328, DeConcini McDonald is "disinterested"; DeConcini McDonald does not represent any entity in the Bankruptcy Case which has any interest adverse to the Debtor; DeConcini McDonald does not hold an interest adverse to the Debtor in the Bankruptcy Case; and DeConcini McDonald will not represent any other entity which may have an interest adverse to the Debtor or its estate in the bankruptcy Case during DeConcini McDonald's employment as counsel for the Debtor.

WHEREFORE, the Debtor respectfully requests that the Bankruptcy Court enter its order (i) granting the relief requested by the Debtor in this Application; (ii) authorizing the employment of DeConcini McDonald as counsel for the Debtor as requested herein; and (iii) granting such other and further relief as is proper and just concerning this Application. A Form of Order is submitted herewith for the Bankruptcy Court's review and consideration.

DATED this 2nd day of June, 2008.

PREMIERE ACQUISITIONS, LLC

By: *[signature]*
Richard Elsey
E4 Development and Construction
Services, L.L.C.
Its Authorized Manager