

**FILED**

FEB 2 7 2009

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

MINUTE ENTRY/ORDER

FOR MATTER TAKEN UNDER ADVISEMENT

| | |
|---|---|
| Bankruptcy Judge: | Hon. Redfield T. Baum |
| Case Name: | Premiere Acquisitions, LLC,  Chapter 11 |
| Case No.: | 2:08-bk-06447-RTB |
| Subject of Hearing: | Oral Argument in re: Debtor's Motion To Approve Use of Cash Collateral |
| Date Matter Taken Under Advisement: | February 18, 2009 |
| Date Ruled Upon: | February 27, 2009 |

Pending before the court is the Debtors' motion to use cash collateral, which motion is opposed by Monterey Capital ("MC"), which claims a security interest in the cash collateral sought to be used by the Debtors.

By its motion, the Debtors seek to use approximately $390,000.00 which funds present the remainder of the proceeds of a secured deposit account/letter of credit transaction relating to bonded improvements required by the City of Flagstaff. That transaction has been previously resolved by order of this court and the $390,000.00 is the funds remaining after resolution of that transaction. The Debtors executed two security agreements granting MC's successor in interest junior priority security interests in the deposit account which originally held the funds which are the source of the $390,000.00. MC's primary security is a deed of trust on real estate not owned

by the Debtors and the Debtors are not the makers of the promissory note evidencing the MC debt. Just prior to the hearing on this motion, the Debtors offered MC a junior lien on their real estate to adequately protect MC for the use of the subject cash collateral.

The Debtors again assert to the court that MC does not have a security interest in the cash at issue. The court is not convinced that the Debtors assertion is correct. The court considers it important to note that this conclusion is not that MC does have a valid security interest in the cash but that the Debtors have not convinced the court that MC does not have such interest, which showing is the Debtors burden to establish in this setting. Hence, the question is have the Debtors established that MC would be adequately protected if the Debtors are allowed to use the cash as they propose. The court concludes that the Debtors have not established that MC would be adequately protected. On the evidence presented, the court does not find that there is sufficient equity in the Debtors' real estate to protect MC interests. Particularly where the small junior lien offered MC is subordinate to materially larger prior senior interest(s) in that real estate.

For the reasons set forth above, the motion to use cash collateral is denied, without prejudice.

Copy of the foregoing
mailed this _27_ day of
February, 2009 to:

Shelton L. Freeman
Nancy J. March
DeCONCINI McDONALD YETWIN & LACEY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona  85020

Kenneth H. Brendel
Steven B. Horton
MANGUM WALL STOOPS & WARDEN, P.L.L.C.
100 North Elden/P.O. Box 10
Flagstaff, Arizona 86002

Jeffrey R. Adams
ADAMS & MULL, PLLC
211 East Sheldon Street
Post Office Box 1031
Prescott, Arizona 86302

John R. Clemency
Garland A. Brown, Jr
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, Arizona 85003

by _____
        Judicial Assistant